UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELDON McCOY, | ) NO. CV 03-3076-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND ORDER** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **DENYING MOTION TO REOPEN AND** |
| Defendant. | ) **GRANTING MOTION TO ENFORCE** |
| | ) **ORDER OF REMAND** |

**BACKGROUND**

In 2001, an Administrative Law Judge ("ALJ") reportedly denied Plaintiff's claimed entitlement to a particular benefits calculation (Complaint at 2). In February, 2003, the Appeals Council reportedly denied review. Id.

On May 1, 2003, Plaintiff filed a complaint in this Court, seeking review of the administrative decision. The Court ordered that Defendant plead to the complaint and file a transcript of the administrative proceedings within 120 days of the service of the

complaint ("Order," filed May 2, 2003). Service of the complaint reportedly occurred on May 23, 2003 ("Proof of Service of Summons and Complaint," filed May 27, 2003). The parties filed a consent to proceed before a United States Magistrate Judge on June 26, 2003.

In early August, 2003, the parties and the Court executed a "Stipulation for 'Sentence 6' Remand; Order Thereon," filed August 10, 2003 ("the Stipulated Order"). The Stipulated Order provided, in pertinent part:

> The Commissioner has been unable to locate the claim file containing the Administrative Law Judge's decision of August 22, 2001 and a tape recording of the hearing held on May 3, 2001. Remand is necessary so that the evidentiary record may be reconstructed. <u>If the record cannot be reconstructed within 180 days, the matter will be remanded for further administrative proceedings, including a new ALJ hearing</u> (emphasis added).

The record was not reconstructed within 180 days of the Stipulated Order. The record reportedly was not located until May 27, 2004. Then, the record reportedly sat in an untended file in the office of counsel for the Defendant until sometime in 2006. To date, Defendant has not accorded Plaintiff "a new ALJ hearing" or any other "further administrative proceedings."

///
///

1  Defendant seeks reopening of this proceeding and acceptance of
2 the belatedly located and belatedly tendered administrative record.
3 See "Motion to Reopen," filed October 31, 2006. Plaintiff seeks a
4 remand for a "new ALJ hearing." See "Motion to Enforce Order of
5 Remand," filed December 28, 2006. The Court has read and considered
6 all papers filed in support of and in opposition to these motions.
7 The Court has taken the motions under submission without oral
8 argument. See L.R. 7-15.

**DISCUSSION**

12  For the reasons discussed below, Defendant's motion is denied
13 and Plaintiff's motion is granted. As soon as practicable, but no
14 later than 120 days from the date of this Order, Defendant shall
15 provide Plaintiff with a *de novo* hearing before an ALJ.

17  Defendant originally had an obligation to file an Answer and
18 an Administrative Record within 120 days of May 23, 2003 ("Order,"
19 filed May 2, 2003; 42 U.S.C. § 405(g); "Proof of Service, etc.,"
20 filed May 27, 2003. When Defendant was "unable to locate" the
21 materials necessary to fulfill this obligation, the parties entered
22 into the Stipulated Order. The Stipulated Order gave Defendant
23 additional time within which to locate or otherwise reconstruct the
24 missing record. The Stipulated Order also provided, however, that if
25 Defendant failed to meet the deadline, as extended, Defendant would
26 give Plaintiff "a new ALJ hearing." Defendant now stands in breach
27 of this provision.
28 ///

Defendant argues that the Court should construe the Stipulated Order as if the order prescribed no deadline whatsoever for the reconstruction of the record and contained no mention of a "new ALJ hearing." The Court declines this invitation to rewrite the parties' agreement and the order of the Court.

Defendant suggests that the delay resulting from Defendant's multiple mistakes has not prejudiced Plaintiff. This suggestion is not necessarily well-taken. Plaintiff evidently contends he should have been receiving additional benefits during the delay. Defendant's failure timely to submit an administrative record to the Court prevented the Court from adjudicating this issue years ago. Plaintiff also asserts that Plaintiff's expectation of a new hearing caused Plaintiff to refrain from making other efforts to seek redress at the administrative level.

Defendant suggests that the remedy Plaintiff now seeks will cause further delay. This suggestion may or may not be correct, depending on the outcome of the new ALJ hearing. Even assuming that the remedy Plaintiff seeks will be productive of nothing but delay, however, the stipulation of the parties and order of the Court entitles Plaintiff to insist on this remedy. To rule otherwise would allow Defendant's own mistakes to deprive Plaintiff of the benefit of

Plaintiff's 2003 bargain with Defendant.[1] "It is the responsibility of [the Administration] to keep proper administrative records and to insure that they may be located. If it fails to do so, it is the [Administration] which must suffer the consequences, not the plaintiffs seeking review of [Administration] decisions." Byrd v. Heckler, 576 F. Supp. 549, 552 (D.D.C. 1983).

IT IS SO ORDERED.

DATED: January 16, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not know precisely what motivated Plaintiff and Defendant to enter into the Stipulated Order. Theoretically, at least, each party relinquished something and received something in the bargain. For example, Plaintiff at least theoretically relinquished the right, at the expiration of the original deadline for filing the Administrative Record, to argue for (1) an immediate reversal of the administrative decision with a directive for immediate recalculation of benefits; or (2) an order directing the payment of interim, recalculated benefits pending remand. See Moser v. Heckler, 587 F. Supp. 158 (D.S.D. 1984); Byrd v. Heckler, 576 F. Supp. 549 (D.D.C. 1983).

5